10-828-cv
SerVaas, Inc. v. Republic of Iraq, Ministry of Industry of the Republic of Iraq

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand eleven.

PRESENT:   GUIDO CALABRESI,
                    GERARD E. LYNCH,
                                         *Circuit Judges*
                    DENISE COTE,
                                         *District Judge.*[*]

------------------------------------------------------------------

SERVAAS INC.,
                                         *Plaintiff-Appellee*,

           v.                                             No. 10-828-cv

REPUBLIC OF IRAQ, MINISTRY OF INDUSTRY OF THE REPUBLIC OF IRAQ,
                              *Defendants-Appellants*.

-------------------------------------------------------------------

FOR APPELLANT:        TENNANT D. MAGEE, SR. (Timothy B. Mills, *on the brief*), Maggs & McDermott LLC, Washington, D.C., and Stephen Albright, Law Offices of Stephen Albright, Commack, New York.

FOR APPELLEE:         JOHN A. PISKORA, Loeb & Loeb LLP, New York, New York.

---

[*] Honorable Denise Cote of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Richard M. Berman, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendants appeal an order of the district court denying their motion to dismiss for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), lack of personal jurisdiction, and failure to state a claim with respect to the Republic of Iraq upon which relief can be granted. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**DISCUSSION**

I.  Subject Matter and Personal Jurisdiction under the FSIA

The FSIA provides "the sole basis for obtaining jurisdiction over a foreign state in our courts." Argentine Republic v. Amerada Hess, 488 U.S. 428, 434 (1989). Under the statute, foreign sovereigns as well as their agencies and instrumentalities are presumptively immune from suit unless one of several enumerated exceptions applies. Saudi Arabia v. Nelson, 507 U.S. 349, 354-55 (1993). "The standard of review applicable to district court decisions regarding subject matter jurisdiction under the FSIA is clear error for factual findings and de novo for legal conclusions." In re Terrorist Attacks on Sept. 11, 2001, 538 F.3d 71, 79 (2d Cir. 2008) (internal quotation marks omitted).

2

Personal jurisdiction under the FSIA exists when a court concludes that it has subject matter jurisdiction pursuant to one of the statute's exceptions and that the plaintiff has complied with the service of process requirements set forth in 28 U.S.C. § 1608. Capital Ventures Int'l v. Republic of Argentina, 552 F.3d 289, 293 n.3 (2d Cir. 2009).

A.  The Ministry of Industry

The district court found that it had jurisdiction over SerVaas's claims against the Ministry of Industry ("the Ministry")  pursuant to the "Commercial Activity" exception to the FSIA.  We agree.

Under the commercial activity exception, a foreign sovereign forfeits its immunity from suit if the plaintiff can show that, as relevant here, his claims are "based upon . . . an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States."  28 U.S.C. § 1605(a)(2).

In applying the commercial activity exception to an action for recognition of a foreign judgment, we look to the underlying conduct that gave rise to the judgment.  See, e.g., International Housing Ltd. v. Rafidain Bank Iraq, 893 F.2d 8, 11-12 (2d Cir. 1989).  Here, the underlying conduct—contracting for the purchase of goods, services and technology—is quintessentially commercial.  Cf. Republic of Argentina v. Weltover, Inc., 504 U.S. 607, 614 (1992) ("[W]hen a foreign government acts, not as regulator of a market, but in the manner of a private player within it, the foreign sovereign's actions are 'commercial' within the meaning of the FSIA.").

3

Nor is there any question that this activity had a direct effect in the United States. An effect is "direct" under the commercial activity exception "if it follows 'as an immediate consequence of the defendant's . . . activity.'" Weltover, 504 U.S. at 618, quoting Weltover, Inc. v. Republic of Argentina, 941 F.2d 145, 152 (2d Cir. 1991) (ellipsis in original). There is no requirement that the effect be substantial. Id. In this case, the Ministry bought goods and services from SerVaas, an American corporation, shipped shell casings for testing to the United States, and made payments using a bank headquartered in Atlanta. Any of these activities alone might have been sufficient to satisfy the statute; taken together they clearly do so.

Given our conclusion that the Ministry's purchase of refining assistance was commercial activity that had a direct effect in the United States, the district court did not err in finding that it had subject matter jurisdiction over SerVaas's claims against the Ministry. Furthermore, because the Ministry does not contend that it was improperly served, the district court also had personal jurisdiction over the Ministry. Cf. Texas Trading & Milling Corp. v. Federal Republic of Nigeria, 647 F.2d 300, 308 (2d Cir. 1981) (Under the FSIA, "subject matter jurisdiction plus service of process equals personal jurisdiction.").

B. The Republic of Iraq

Defendants contend that the Ministry of Industry is an instrumentality that is separate and independent from the Republic of Iraq ("the Republic") and that, consequently, the commercial activity of the Ministry cannot be imputed to the Republic

4

for the purposes of determining the Republic's susceptibility to suit under the FSIA. In support of their argument, defendants cite First National City Bank v. Banco Para el Comercio Exterior de Cuba, in which the Supreme Court set forth the rule that "government instrumentalities established as juridical entities distinct and independent from their sovereign[s] should normally be treated as such." 462 U.S. 611, 626-27 (1983) ("Bancec").

Our court has previously recognized, however, that the Bancec presumption does not apply where the entity asserting independence operates as a political organ of the state, such that "'no meaningful legal distinction'" can be drawn between the two. Garb v. Republic of Poland, 440 F.3d 579, 592 (2d Cir. 2006), quoting Companie Noga D'Importation Et D'Exportation S.A. v. Russian Fed'n, 361 F.3d 676, 688 (2d Cir. 2004). As counsel for Iraq acknowledged at oral argument, in making this inquiry we follow the "core functions" test first articulated by the U.S. Court of Appeals for the District of Columbia Circuit in Transaero, Inc. v. La Fuerza Area Boliviana, 30 F.3d 148 (D.C. Cir. 1994). Thus, whether we may impute the commercial activity of the Ministry to the Republic turns on "'whether the core functions of the [Ministry] are predominantly governmental or commercial.'" Garb, 440 F.3d at 591, quoting Transaero, 30 F.3d at 151.

We have no difficulty concluding that the core functions of the Ministry are primarily governmental. Iraq's own submissions to the district court repeatedly quote Article 1 of the Iraqi Law of Executive Authority, which provides that "each Ministry of

5

the Ministries . . . shall be regarded as the meaning of the word 'Government.'" Law of Executive Authority No. (50) 1964, art. I, para. 2.. The Ministry is headed by a politically-appointed member of the Council of Ministers, which the Iraqi constitution charges with "plan[ning] and execut[ing] the general policy and general plans of the State and oversee[ing] the work of the ministries." Article 80, Doustour Joumhouriat al-Iraq [The Constitution of the Republic of Iraq] of 2005, available at http://www.uniraq.org/ documents/iraqi_constitution.pdf (last visited Feb. 9, 2011). Furthermore, among its many duties, the Ministry is charged with reviewing and recording applications for trademark registration, a regulatory function that we view as quintessentially governmental. Trademarks and Descriptions Law No. 21 of 1957, art. 2 (Iraq).[1]

In short, although there may be cases in which it is difficult to distinguish between an independent instrumentality and a political subdivision of a foreign sovereign, this is not one of them. Based on our assessment of the Ministry's core functions, we see "no meaningful legal distinction" between it and the Republic. Noga, 361 F.3d at 688. The district court, therefore, properly treated them as a single entity in establishing subject matter and personal jurisdiction under the FSIA.

II. Failure to State a Claim Upon Which Relief Can Be Granted

In addition to ruling on the jurisdictional issues under the FSIA, the district court considered and rejected Iraq's claim that SerVaas had failed to state a claim against the

---

[1] Although neither Iraq's constitution nor the Trademarks and Descriptions Law is included in the record of this case, both are appropriate subjects of judicial notice, which may be taken at any stage of the proceeding. See Garb, 440 F.3d at 594 n.18.

6

Republic under the New York Foreign Money-Judgments Recognition Act (N.Y. C.P.L.R. § 5301). Iraq acknowledges that we generally lack jurisdiction to review the district court's denial of a motion to dismiss under Rule 12(b)(6), but suggests that we may do so in this case pursuant to the doctrine of pendent appellate jurisdiction. We may assert our pendent jurisdiction where "the same specific question underl[ies] both the appealable order and the non-appealable order, or where resolution of the non-appealable order [is] subsidiary to resolution of the appealable order." Stolt-Nielsen SA v. Celanese AG, 430 F.3d 567, 576 (2d Cir. 2005). That, however, is not the case here. At oral argument, counsel for Iraq stressed repeatedly that the New York act and the FSIA impose different standards for determining whether the Ministry should be considered an alter ego of the Republic. Faced with this assertion, we must conclude that the two questions are sufficiently separate to deprive us of jurisdiction to review the district court's Rule 12(b)(6) ruling.

## CONCLUSION

We have considered defendants' remaining arguments and find them to be without merit. For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7